UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-235-TWP-DKL-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILBERTO RIVERA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:14-cr-00235-TWP-DKL-1 |
| WILBERTO RIVERA, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Wilberto Rivera's ("Mr. Rivera's") *pro se* Motion for compassionate release, (Dkt. 39), filed pursuant to § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), which is codified at 18 U.S.C. § 3582(c)(1)(A). Mr. Rivera seeks immediate release and the reduction of his sentence to time served, for extraordinary and compelling reasons related to a family emergency. For the reasons explained below, his motion is **denied**.

**I.   BACKGROUND**

On August 27, 2015, Mr. Rivera pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Dkt. 30.) He was sentenced to 84 months' imprisonment in the custody of the Bureau of Prisons ("BOP") and 3 years of supervised release. (Dkt. 32.) Mr. Rivera is presently incarcerated at the Federal Medical Center in Lexington, Kentucky. His projected release date is October 16, 2020. (Dkt. 47-1.) In preparation for release, Mr. Rivera was scheduled to begin a 21-day pre-release quarantine period on September 23, 2020, and he was to be tested for COVID-19 on the 14th day of that quarantine. (Dkt. 47 at 2.)

On August 10, 2020, Mr. Rivera filed his *pro se* motion for compassionate release. (Dkt. 39.) The Court then appointed counsel for him, effective August 18, 2020. (Dkt. 42.) Mr. Rivera, by counsel, filed a memorandum in support of his motion on September 12, 2020. (Dkt. 44.) The Government responded in opposition on September 21, 2020. (Dkt. 47.) Mr. Rivera replied on September 24, 2020. (Dkt. 48.)

## II. DISCUSSION

In his memorandum, Mr. Rivera argues that the Court should order his immediate release because he presents qualifying extraordinary and compelling reasons in that he needs to care for his two minor daughters, ages 6 and 7. Their mother was incarcerated earlier this year and her scheduled release date is in December 2022. For the past two years, Sheila Rivera ("Ms. Sheila"), the children's paternal grandmother has been taking care of the children. Ms. Sheila is 65 years old and has severe arthritis, which causes pain and limits her mobility. She also has diabetes and sleep apnea. She has recently begun having difficulty breathing when she walks from her bedroom to the bathroom. It is also difficult for her financially to take care of the children. The children's maternal grandparents are unable to care for the children as they are currently caring for five other grandchildren. There are no other relatives who can care for Mr. Rivera's two children. (Dkt. 48-1.) When released, Mr. Rivera plans to live with his mother and daughters.

Additionally, Mr. Rivera argues that he is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. (Dkt. 44.) The Government argues that Mr. Rivera cannot establish extraordinary and compelling reasons based upon family circumstances. (Dkt. 47.)

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

3

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  Mr. Rivera states that he requested compassionate release from the Warden on July 24, 2020, and thirty days has passed with no ruling.  The Government concedes that Mr. Rivera has exhausted his administrative remedies.  (Dkt. 47 at 4, n. 3.)  Thus, his motion is ripe for decision.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.  While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019).  There is no reason to believe the identity

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies.  *See* 132 Stat. at 5239 (First Step Act § 603(b)).

of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Rivera is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling." Relevant here is the third reason: "(C) Family Circumstances—(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children." Mr. Rivera contends that he is needed to take care of his two minor daughters because his mother, the girls' current caretaker, has daily pain and struggles to adequately take care of them.

As noted, Mr. Rivera is scheduled to be released October 16, 2020. Neither party has reported that Mr. Rivera has not been in pre-release quarantine since September 23, 2020, as scheduled.

The Court agrees with the Government that Mr. Rivera's imminent release greatly mitigates any extraordinary and compelling reason. Although it is presumably difficult for a 65-year-old grandmother with arthritis and other medical issues to take care of two children, nothing in the record demonstrates that Mr. Rivera's mother is "incapacitated". Moreover, Mr. Rivera's reply does not include any explanation for why the family cannot maintain the status quo until his

5

release. The Court also finds that it is in the best interest of the children and their grandmother that Mr. Rivera remain in pre-release isolation/quarantine and be tested before he is released and moves into his diabetic mother's home.

This Court has decided cases where it found that extraordinary and compelling family circumstances supported release, but these prior rulings are factually distinguishable from the arguments made in Mr. Rivera's motion—where death or incapacitation of a caregiver has not been shown by any evidence. *See, e.g., United States of America v. Ronald Fortson*, No. 1:18-cr-00063-TWP-MJD (July 13, 2020) at Docket 79 (defendant showed extraordinary and compelling reasons for release after the death of his minor son's mother); *see also United States of America v. Frank Little, III*, No. 1:14-cr-00190-SEB-MJD (Aug. 10, 2020) at Docket 68 (defendant showed extraordinary and compelling reasons for release after death of his minor children's mother and no other relatives available to care for them). While the Court sympathizes with his mother's difficult undertaking of caring for the children of two parents who are incarcerated, Mr. Rivera has failed to show that extraordinary and compelling reasons entitle him to compassionate release under the First Step Act. The remaining factors for granting compassionate release therefore need not be considered.

### III.  CONCLUSION

The Court commends Mr. Rivera for the successful completion of his sentence and wishes him great success for re-entry. For the reasons stated above, Mr. Rivera's Motion for compassionate release, (Dkt. [39]), is **DENIED.**

**SO ORDERED.**

Date:  10/15/2020

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Wilberto Rivera, #12554-028
FEDERAL MEDICAL CENTER LEXINGTON
P.O. Box 14500
Lexington, Kentucky  40512-4500

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov